UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENIS ORLANDO IZAGUIRRE CARCAMO,

Plaintiff,

v.

Case No. 2:26-cv-02487-KCD-KRH

SHERIFF DAVID HARDIN, FIELD OFFICE DIRECTO GARRETT J. RIPA, ACTING DIRECTOR DAVID J. VENTURELLA, ACTING SECRETARY MARKWAYNE MULLIN, TODD BLANCHE,

Defendants,
_______________________________/

# ORDER

Petitioner Denis Orlando Izaguirre Carcamo has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.) He claims that his continued detention violates the Fifth Amendment as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondents oppose the petition. (Doc. 4.) For the reasons below, the petition is **DENIED**.

Carcamo is a citizen of Honduras. He first entered the United States in 2015 and was "ordered removed as an expedited removal." (Doc. 4 at 2.) He re-entered the country in 2018, and his removal order was reinstated. (*Id.*) Carcamo expressed a fear of returning to Honduras and sought asylum, thus

stopping his removal. (Doc. 1 at 12.) He was released on an order of supervision while the asylum application remained pending. (Doc. 4 at 3.)

Carcamo was again placed in immigration custody on January 18, 2026, following his arrest on state traffic charges. (*Id.*) He has been detained ever since. Pertinent here, on July 15, 2026, an immigration judge denied his application for asylum/withholding of removal. That decision has been appealed. (Doc. 1 at 12-13.)

Carcamo's primary argument is that his "continued detention . . . exceeds the authority conferred by 8 U.S.C. § 1231(a)(6) and is [thus] unlawful" under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1 at 20.) The Court cannot agree. Several appellate courts have addressed the factual circumstances presented here—the prolonged detention of a noncitizen with a final removal order who is seeking asylum—and concluded that habeas relief is not available. *See G.P. v. Garland*, 103 F.4th 898, 902 (1st Cir. 2024); *Castaneda v. Perry*, 95 F.4th 750, 755 (4th Cir. 2024). Carcamo's detention is simply "not the type of indefinite and potentially permanent detention at issue in *Zadvydas*." *Castaneda*, 95 F.4th at 759. The Court agrees with the reasoning of these decisions and adopts the same here. Thus, Carcamo's due process challenge to his continued detention fails.

Carcamo also raises an alternative claim under 8 C.F.R. §§ 241.4 and 241.13, arguing the Government has failed to provide the "post-order custody

review" process demanded by these provisions. (Doc. 1 at 22.) But the Government's evidence, which stands uncontested in Carcamo's reply, provides that there *has* been a custody review. With the Government's account uncontradicted, Carcamo has not met his burden of establishing a regulatory violation. *See Banez Mazzali v. Mullin*, No. 1:26-CV-25540, 2026 WL 3077572, at *3 (S.D. Fla. Sept. 15, 2026).

For these reasons, Carcamo's habeas petition (Doc. 1) is **DENIED**. The clerk is directed to enter judgment accordingly, terminate all deadlines, and close this case.

**ORDERED** in Fort Myers, Florida on November 12, 2026.

Kyle C. Dudek
United States District Judge